# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN  DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

| | |
|---|---|
| ESTHER BUCHANAN, | ) |
| on behalf of plaintiff and the class defined | ) |
| herein, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| NORTHLAND GROUP, INC., | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT  – CLASS ACTION

## INTRODUCTION

1.      Plaintiff Esther Buchanan brings this action to secure redress from unlawful collection practices engaged in by defendant Northland Group, Inc.  Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA").

2.       The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt; it also requires debt collectors to give debtors certain information.  15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

## VENUE AND JURISDICTION

3.      This Court has jurisdiction under 15 U.S.C. §1692k, and 28 U.S.C. §§1331 and 1337.

4.      Venue and personal jurisdiction in this District are proper because:

    a.      Defendant's collection communications and activities impacted plaintiff within this District, and

    b.      Defendant does or transacts business within this District.

## PARTIES

5.    Plaintiff Esther Buchanan is an individual who resides in Kalamazoo, Michigan.

6.    Defendant Northland Group, Inc. ("Northland"), is a corporation with offices at 7831 Glenroy Road, Suite 250, Edina, Minnesota 55439. It does or transacts business in Michigan.

7.    Northland is engaged in the business of collecting allegedly defaulted debts originally owed to others and incurred for personal, family or household purposes.

8.    Northland regularly uses the mails and telephones in the process of collecting debts.

9.    Northland is a "debt collector," as defined in the FDCPA.

## FACTS

10.    On October 12, 2011,  Northland Group, Inc., sent plaintiff the letter attached as Exhibit A.

11.    Exhibit A sought to collect a purported consumer debt incurred for personal, family or household purposes, and not for business purposes.

12.    The debt went into default, and the last payment was made,  more than six years prior to the date of the letter.

13.    The statute of limitations on a contract in Michigan is six years.

14.    Northland regularly attempts to collect debts on which the statute of limitations has expired.

15.    Nothing in Exhibit A disclosed that the debt was barred by the statute of limitations.

16.    Nothing in Exhibit A disclosed the date of the transactions giving rise to the claimed debt.

17.    It is the policy and practice of Northland to send letters seeking to collect

2

time-barred debts that do not disclose the fact that they are time-barred.

18.     It is the policy and practice of Northland to send letters seeking to collect time-barred debts that do not disclose the dates of the transactions giving rise to the debts.

19.     The Federal Trade Commission has determined that "Most consumers do not know their legal rights with respect to collection of old debts past the statute of limitations.... When a collector tells a consumer that she owes money and demands payment, it may create the misleading impression that the collector can sue the consumer in court to collect that debt." (http://www.ftc.gov/opa/2012/01/asset.shtm)  The FTC entered into a consent decree with Asset Acceptance, one of the largest debt buyers in the United States, requiring that it disclose to consumers when it is attempting to collect debts that are barred by the statute of limitations. *United States v. Asset Acceptance LLC,* Case No. 8 : 12 CV 182 T 27 EAJ (M.D.Fla.).

## VIOLATION ALLEGED

20.     Defendant engaged in unfair and false acts and practices, in violation of 15 U.S.C. §§1692e, 1692e(2), 1692e(5), 1692e(10), and 1692f, by dunning consumers on time-barred debts without disclosure of that fact.

21.     The nondisclosure is exacerbated by the offer of a "settlement" in Exhibit A.  An offer to settle implies a colorable obligation to pay.  Statements in the letter that "the current creditor is willing to reduce your balance," and that defendant "[is] not obligated to renew this offer," falsely represents that (a) the full balance is enforceable, (b) the settlement represents an improvement on the position that the consumer is in (when in fact she is not required to pay anything on a time-barred debt), and (c) failure to accept the settlement will lead to the enforcement of the full balance.

22.     15 U.S.C. §1692e provides:

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section....**

**(2)     The false representation of –**

3

**(A)** **the character, amount, or legal status of any debt.... [or]**

**(5)** **The threat to take any action that cannot legally be taken or that is not intended to be taken.... [or]**

**(10)** **The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer....**

23.     15 U.S.C. §1692f  provides:

**A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.....**

## CLASS ALLEGATIONS

24.     Plaintiff brings this claim on behalf of a class pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3).

25.     The class consists of all individuals in Michigan to whom Northland Group, Inc. sent a letter seeking to collect a debt, which debt was a consumer debt on which the last payment had been made more than six years prior to the letter, and which letter was sent on or after a date one year prior to the filing of this action and on or before a date 20 days after the filing of this action.

26.     On information and belief, the class is so numerous that joinder of all members is not practicable.

27.     There are questions of law and fact common to the class members, which predominate over any questions relating to individual class members.  The predominant common questions are (a) whether defendant attempts to collect time-barred debts without disclosure of that fact and (b) whether such practice violates the FDCPA.

28.     Plaintiff's claim is typical of the claims of the class members.  All are based on the same factual and legal theories.

29.     Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions and FDCPA litigation.

30.     A class action is superior for the fair and efficient adjudication of this

4

matter, in that:

    a.      Individual actions are not economically feasible,

    b.      Members of the class are likely to be unaware of their rights, and

    c.      Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

      WHEREFORE, the Court should enter judgment in favor of plaintiff and the class members and against defendant for:

    (1)      Statutory damages;

    (2)      Actual damages, including all amounts paid by class members on time-barred debts;

    (3)      Attorney's fees, litigation expenses and costs of suit; and

    (4)      Such other and further relief as the Court deems proper.

                s/Daniel A. Edelman
                Daniel A. Edelman

Daniel A. Edelman
Thomas E. Soule
EDELMAN, COMBS, LATTURNER
       & GOODWIN, L.L.C.
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards.   All rights relating to attorney's fees have been assigned to counsel.


s/Daniel A. Edelman
Daniel A. Edelman


Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
      & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)