IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ESTHER BUCHANAN, on behalf of plaintiff and the class defined herein,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>NORTHLAND GROUP, INC.<br><br>　　　　　Defendant. | 1:12-cv-01011<br><br>Hon. Janet T. Neff |

| | |
|---|---|
| Daniel A. Edelman<br>Thomas Everett Soule<br>Edelman Combs Latturner & Goodwin LLC<br>120 S LaSalle St., 18th Fl.<br>Chicago, IL 60603 | David M. Schultz<br>Jennifer W. Weller<br>Hinshaw & Culbertson LLP<br>222 N. LaSalle, Ste. 300<br>Chicago, IL 60601 |

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS COMPLAINT**

# TABLE OF CONTENTS

INTRODUCTION .................................................................................................................. 1

ALLEGATIONS IN COMPLAINT ...................................................................................... 1

ARGUMENT .......................................................................................................................... 2

    A.    The passage of the statute of limitations did not affect the validity of Plaintiff's debt. ............................................................................................ 2

    B.    The FDCPA does not require disclosure of the Michigan contract statute of limitations or the dates of the transactions giving rise to the debt. ..................... 4

    C.    Northland's settlement offer does not violate the FDCPA. ..................................... 9

    D.    The FTC consent decree with Asset Acceptance has no relevance to Plaintiff's claim and is not entitled to deference. .................................................. 10

130449709v1  0939500

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Avery v. First Resolution Management Corp.*,
568 F.3d 1018 (9th Cir. 2009)(discussing New Hampshire tolling provision in
determining whether lawsuit to collect debt was time-barred) ................................................. 8

*Beler v. Blatt, Hasenmiller, Leibsker & Moore, LLC*,
480 F.3d 470 (7th Cir.2007) ............................................................................................. 4, 6, 9

*Chase Securities Corp. v. Donaldson*,
325 U.S. 304, 65 S.Ct. 1137 (1945) ............................................................................................ 3

*Crawford v. Vision Financial Corp.*,
No. 12 C 4397, 2012 WL 5383280 (N.D.Ill., Nov. 1, 2012) ..................................................... 3

*De Vries v. Alger*,
329 Mich. 68, 44 N.W.2d 872 (Mich. 1950) ............................................................................. 3

*Dismas Charities, Inc. v. U.S. Dept. of Justice*,
401 F.3d 666 (6th Cir. 2005) ................................................................................................... 12

*Firefighters Local 93 v. City of Cleveland*, 478 U.S. 501, 529, 106 S.Ct. 3063, 3079
(1986) .................................................................................................................................. 1, 11

*Freyermuth v. Credit Bureau Services, Inc.*,
248 F.3d 767 (8th Cir. 2001) ................................................................................................. 3, 5

*Goins v. JBC & Assoc.*,
352 F.Supp.2d 262 (D.Conn.2005) ............................................................................................ 5

*Harvey v. Great Seneca Financial Corp.*,
453 F.3d 324 (6th Cir. 2006) ..................................................................................................... 4

*Houston v. Allied Supermarkets, Inc.*,
174 Mich.App.765, 436 N.W.2d 750 (Mich.App. 1989) .......................................................... 2

*Huertas v. Galaxy Asset Management*,
641 F.3d 28 (3rd Cir. 2011) ....................................................................................................... 3

*Kimber v. Fed. Fin. Corp.*,
668 F.Supp. 1480 (M.D.Ala.1987) ............................................................................................ 5

*Large v. LVNV Funding, LLC*,
No. 09-cv-689, 2010 WL 3069409 (W.D.Mich., Aug. 2, 2010) ............................................... 6

*Lothian v. City of Detroit,*
   414 Mich. 160, 324 N.W.2d 9 (Mich. 1982) ................................................................3

*Magee v. Portfolio Recovery Ass'ns, LLC,*
   12 C 1624, 2012 WL 3560996 (N.D.Ill., Aug 15, 2012) ..............................................3

*McMahon v. LVNV Funding, LLC,*
   No. 12 C 1410, 2012 WL 2597933 (N.D.Ill., July 5, 2012), *motion to reconsider denied*, 2012 WL 3307011 (N.D.Ill. Aug. 13, 2012), *notice of appeal pending* .................3, 12

*Murray v. CCB Credit Services, Inc.,* No. 04 C 7456, 2004 WL 2943656 (N.D. Ill., Dec. 15, 2004) ......................................................................................................................3

*Miller v. NCO Portfolio Management, Inc.,*
   No. 09-cv-616, 2010 WL 2671910 (S.D.Ind., June 28, 2010) ......................................6

*Neff v. Capital Acquisitions & Management Co.,*
   352 F.3d 1118 (7th Cir. 2003) ......................................................................................7

*O'Rourke v. Palisades Acquisition XVI, LLC, et al.,*
   635 F.3d 938 (7th Cir. 2011)(affirming summary judgment for *See* Defendant on claim that Defendant attached materially false exhibit to complaint designed to mislead the Cook County judge handling the case) ...................................................8

*Olvera v. Blitt & Gaines,*
   431 F.3d 285 (7th Cir. 2005) ........................................................................................8

*People v. Russo,*
   439 Mich. 584, 487 N.W.2d 698 (Mich.1992) ............................................................3

*Schaefer v. ARM Receivable Management, Inc.,*
   09-11666-DJC, 2011 WL 2847768 (D.Mass. 2011) ................................................1, 9

*Shorty v. Capital One Bank,*
   90 F.Supp.2d 1330 (D.N.M.2000) ...............................................................................5

*Stricklin v. First Nat. Collection Bureau, Inc.,*
   No. 3:10–cv–01027–JPG–SCW, 2012 WL 1076679 (S.D.Ill., Mar. 30, 2012) ...........9

*U.S. v. Boucha,*
   236 F.3d 768 (6th Cir. 2001) ........................................................................................7

*U.S. v. City of Chicago,*
   978 F.2d 325 (1992) ...................................................................................................11

*U.S. v. Mead Corp.,* 533 U.S. 218, 121 S.Ct. 2164 (2001) .................................................12

*Wade v. Regional Credit Ass'n,*
   87 F.3d 1098 (9th Cir. 1996) .......................................................................................... 8

*Walker v. Cash Flow Consultants, Inc.,*
   200 F.R.D. 613 (N.D. Ill. 2001) ...................................................................................... 4

*Wallace v. Capital One Bank,*
   168 F.Supp.2d 526 (D.Md.,2001) ................................................................................... 4

**STATUTES**

15 U.S.C. §1601 .................................................................................................................. 6

15 U.S.C. §1637(b)(2) ......................................................................................................... 7

15 U.S.C. §1692e(2)(A) ...................................................................................................... 5

15 U.S.C. §1692e(5) ............................................................................................................ 5

15 U.S.C. § 1692e(10) ......................................................................................................... 5

15 U.S.C. §1692f ................................................................................................................. 6

15 U.S.C. § 1692g(a) ........................................................................................................... 2

15 U.S.C. §1692l ............................................................................................................... 12

Fair Credit Reporting Act, 15 U.S.C. §1681 ..................................................................... 11

M.C.L.A. 600.5807 ......................................................................................................... 3, 4

Pub.L. 111-203, § 1089(4) ................................................................................................ 12

Section 1692e, 1692e(2), 1692e(5), 1692e(10) and 1692f of the Fair Debt Collection
   Practices Act, 15 U.S.C. §1692 .................................................................................. 1, 4

**OTHER AUTHORITIES**

Rule 12(b)(6) of the Federal Rules of Civil Procedure ....................................................... 1

**INTRODUCTION**

Plaintiff alleges that Defendant's letter offering to settle her debt should have disclosed that the Michigan six-year statute of limitations for filing suit on a contract had expired and should have disclosed the dates of the transactions giving rise to the debt. (Compl., ¶¶15,16). Plaintiff alleges that Defendant therefore violated Section 1692e, 1692e(2), 1692e(5), 1692e(10) and 1692f of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et. al.*, ("FDCPA"). (Compl., ¶20).

There is nothing in the FDCPA that requires disclosure of state limitations law or the dates of transactions giving rise to the debt. Also, a Northland letter very similar to the letter at issue in this case was held to comply with the FDCPA in *Schaefer v. ARM Receivable Management, Inc.*, 09-11666-DJC, 2011 WL 2847768 (D.Mass. 2011). Last, Plaintiff invites this court to rely upon a consent decree between the FTC and Asset Acceptance to allegedly require that Northland make disclosures about the Michigan statute of limitations. (Compl., ¶19). The consent decree does not impose obligations on Northland since it was not a party to the consent decree. *Local No. 93, Intern. Ass'n of Firefighters, AFL–CIO C.L.C. v. City. of Cleveland*, 478 U.S. 501, 529, 106 S.Ct. 3063, 92 L.Ed.2d 405 (1986). As a result Plaintiff's Complaint should be dismissed.

**ALLEGATIONS IN COMPLAINT**

Plaintiff had a $4,768.43 debt owing to National City Bank that was purchased by LVNV Funding LLC, ("LVNV"). (Compl., Ex. A). LVNV assigned Plaintiff's debt to Northland Group, Inc. for collection. (Compl., Ex. A). Plaintiff alleges that Northland is a debt collector as defined in the FDCPA. (Compl., ¶9). On October 12, 2011, Northland sent Plaintiff a letter offering to settle her debt. (Compl., Ex. A). The letter set forth a settlement offer as follows:

The current creditor [LVNV] is willing to reduce your balance by offering you a settlement. We are not obligated to renew this offer. Upon receipt and clearance of $1,668.96, your account will be satisfied and closed and a settlement letter will be issued. This offer does not affect your rights set forth below. (Compl., Ex. A).

The rights referenced by the letter are the disclosures mandated by Section 1692g(a) of the FDCPA.[1] (Compl., Ex. A); 15 U.S.C. §1692g(a).

Plaintiff alleges that the National City Bank debt went into default and the last payment was made more than six years prior to the date of the letter. (Compl., ¶12). Plaintiff alleges that the statute of limitations on a contract in Michigan is six years. (Compl., ¶13). Plaintiff claims that not disclosing the Michigan statute of limitations for filing suit on the debt had expired and not disclosing the date of the transactions giving rise to the debt violates the FDCPA. (Compl., ¶¶15,16,20). She further claims "[t]he nondisclosure is exacerbated by the offer of a 'settlement' in Exhibit A." (Compl., ¶21). Plaintiff seeks to represent a class of "all individuals in Michigan to whom Northland Group, Inc. sent a letter seeking to collect a debt, which debt was a consumer debt on which the last payment had been made more than six years prior to the letter, and which letter was sent on or after [September 21, 2011] and on or before [October 11, 2012]." (Compl., ¶25).

## ARGUMENT

A. <u>The passage of the statute of limitations did not affect the validity of Plaintiff's debt.</u>

A statute of limitations is a procedural bar to a right of action. *Houston v. Allied Supermarkets, Inc.*, 174 Mich.App.765, 773-774, 436 N.W.2d 750, 754 (Mich.App. 1989). In

---

[1] Section 1692g(a) states: Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing: (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (5) a statement that, upon the consumer's written request

2

Michigan, statutes of limitations are generally regarded as procedural and not substantive in nature. *People v. Russo*, 439 Mich. 584, 595, 487 N.W.2d 698, 702 (Mich.1992); *Lothian v. City of Detroit,* 414 Mich. 160, 166, 324 N.W.2d 9, 13 (Mich. 1982). As the Supreme Court stated in *Chase Securities Corp. v. Donaldson*, 325 U.S. 304, 314, 65 S.Ct. 1137, 1142 (1945):

> Statutes of limitation find their justification in necessity and convenience rather than in logic. They represent expedients, rather than principles. They are practical and pragmatic devices to spare the courts from litigation of stale claims, and the citizen from being put to his defense after memories have faded, witnesses have died or disappeared, and evidence has been lost. (citation omitted) They are by definition arbitrary, and their operation does not discriminate between the just and the unjust claim, or the voidable and unavoidable delay. They have come into the law not through the judicial process but through legislation. They represent a public policy about the privilege to litigate. *Id.*

Plaintiff claims that the statute of limitations applicable to Plaintiff's debt is the Michigan six year statute of limitations for filing suit on a contract. (Compl., ¶13); *See* M.C.L.A. 600.5807. Plaintiff alleges that her debt went into default, and the last payment was made, more than six years prior to the date of the letter. (Compl., ¶12). Accordingly, Northland could not sue her for the debt but the debt was still valid. *See De Vries v. Alger*, 329 Mich. 68, 75, 44 N.W.2d 872, 876 (Mich. 1950)("The running of the statute of limitations does not cancel the debt, it merely prevents a creditor from enforcing his claim."). Merely seeking collection of a time-barred debt does not violate the FDCPA.[2] Several courts recognize that a claim can be made under the FDCPA for *filing suit* or *threatening to file suit* on a time-barred debt, *see Huertas v. Galaxy Asset Management*, 641 F.3d 28, 33 (3rd Cir. 2011), *Freyermuth v. Credit Bureau Services, Inc.*, 248 F.3d 767, 771 (8th Cir. 2001), however, Northland neither filed suit

---

within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

[2] *See Crawford v. Vision Financial Corp.*, No. 12 C 4397, 2012 WL 5383280 (N.D.Ill., Nov. 1, 2012); *Magee v. Portfolio Recovery Ass'ns, LLC*, 12 C 1624, 2012 WL 3560996 (N.D.Ill., Aug 15, 2012); *McMahon v. LVNV Funding, LLC*, No. 12 C 1410, 2012 WL 2597933 (N.D.Ill., July 5, 2012), *motion to reconsider denied*, 2012 WL 3307011 (N.D.Ill. Aug. 13, 2012), *notice of appeal pending*, *Murray v. CCB Credit Services, Inc.*, No. 04 C 7456, 2004 WL 2943656, at *2 (N.D. Ill., Dec. 15,

nor threatened to file suit against Plaintiff.[3] Plaintiff does not allege that Northland's letter contains such threat but rather that "Defendant engaged in unfair and false acts and practices, in violation of 15 U.S.C. §§1692e, 1692e(2), 1692e(5), 1692e(10), and 1692f, by dunning consumers on time-barred debts without disclosure of that fact." (Compl., ¶20).

B. **The FDCPA does not require disclosure of the Michigan contract statute of limitations or the dates of the transactions giving rise to the debt.**

The Michigan statute of limitations governing contract actions is designed to limit the time for filing a lawsuit for recovery of such actions in its courts. It is procedural and not substantive in nature and does not create a cause of action. M.C.L.A. 600.5807. The FDCPA, on the other hand, is an Act of prohibition which sets forth its own rules of prohibited conduct. *Beler v. Blatt, Hasenmiller, Leibsker & Moore, LLC*, 480 F.3d 470, 474 (7th Cir.2007).

Plaintiff asks the court to find that even in the absence of a threat of litigation, Northland's letter seeking to collect a time-barred debt violates the FDCPA because it does not disclose that the debt is barred by the six-year Michigan statute of limitations for contracts. The Sixth Circuit has not addressed whether filing suit to collect a time-barred debt would violate the FDCPA, much less whether sending a letter which *does not* threaten legal action on such debt would violate the Act. The Sixth Circuit, however, has declined to extend the reasoning of those cases which hold that filing suit on time-barred debt violates the FDCPA. *See Harvey v. Great Seneca Financial Corp.*, 453 F.3d 324, 331 (6th Cir. 2006).

In *Harvey,* Plaintiff contended that Seneca's filing of a state-court collection action knowing that it "had no documentation" to prove the debt constituted a deceptive, unfair, and

---

2004); *Walker v. Cash Flow Consultants, Inc.*, 200 F.R.D. 613, 616 (N.D. Ill. 2001); *Wallace v. Capital One Bank*, 168 F.Supp.2d 526, 529 (D.Md.,2001).

[3] The Sixth Circuit Court of Appeals has declined to express any opinion on whether the filing of a lawsuit to collect a debt that is barred by the statute of limitations violates the FDCPA. *Harvey v. Great Seneca Financial Corp.*, 453 F.3d 324, 332 (6th Cir. 2006).

4

unconscionable debt-collection practice under Section 1692d and Section 1692e(10) of the Act. 453 F.3d at 326. Plaintiff also argued that filing suit on a debt which could not be proven was analogous to filing suit on a time-barred debt.[4] The Court found that Defendants were not required to represent that they had in hand the means to prove Seneca's claims at the time the complaint was filed. The Court stated, "A holding that Harvey's allegations as stated in her complaint are sufficient to establish deceptive means of collecting a debt under 15 U.S.C. § 1692e(10) would in our opinion unjustifiably extend the rationales of the "time-barred" cases, none of which have yet been endorsed by this circuit." *Id.* at 332.

If the Sixth Circuit has not endorsed an FDCPA claim based on filing a lawsuit to collect a time-barred debt, it certainly has not endorsed an FDCPA claim based on the alleged failure to disclose the expiration of the state statute of limitations or transactions giving rise to the debt. None of the provisions that Plaintiff claims Northland violated gives rise to liability for failure to make such disclosures.

Section 1692e(2)(A) prohibits "the false representation of the character, amount, or legal status of any debt." 15 U.S.C. §1692e(2)(A). Northland's letter sets forth the amount of the debt and makes a settlement offer. This language does not misrepresent the character, amount or legal status of the debt. Section 1692e(5) prohibits "the threat to take any action that cannot legally be taken or that is not intended to be taken." 15 U.S.C. §1692e(5). Northland's letter contains no threat. Section 1692e(10) prohibits "the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10). There is nothing false in Northland's letter and failing to disclose the

---

[4]The court cited the following decisions for the proposition that filing suit on a time-barred debt violates the FDCPA and noted a number of these decisions relied on Section 1692e(2) which prohibits misrepresenting the legal status of a debt. *Freyermuth v. Credit Bureau Services, Inc.*, 248 F.3d 767, 771 (8th Cir.2001), *Goins v. JBC & Assoc.*, 352 F.Supp.2d 262 (D.Conn.2005); *Shorty v. Capital One Bank*, 90 F.Supp.2d 1330 (D.N.M.2000); *Kimber v. Fed. Fin. Corp.*, 668 F.Supp. 1480 (M.D.Ala.1987).

5

state statute of limitations or transactions giving rise to the debt does not make the letter false. *See Large v. LVNV Funding, LLC*, No. 09-cv-689, 2010 WL 3069409 (W.D.Mich., Aug. 2, 2010)(dismissing FDCPA claim that was premised on failure to disclose the true cost of an offered credit card under the TILA); *Miller v. NCO Portfolio Management, Inc.*, No. 09-cv-616, 2010 WL 2671910 (S.D.Ind., June 28, 2010)(dismissing FDCPA claim based on alleged failure to disclose how much NCO was willing to settle account as allegedly required by the TILA).

Section 1692f prohibits "unfair or unconscionable means to collect or attempt to collect any debt," however, as the Seventh Circuit has noted, "the phrase 'unfair or unconscionable' is as vague as they come." *Beler v. Blatt, Hasenmiller, Leibsker & Moore, LLC,* 480 F.3d 470, 474 (7th Cir. 2007); 15 U.S.C. §1692f. Section 1692f provides examples of prohibited conduct, however, none of the examples "hint(s) at being an enforcement mechanism for other rules of state and federal law." *Id.* The *Beler* court further stated, "Section 1692f does not take a state-law dispute and move it to federal court, even though the amount in controversy is well under $75,000 and the parties are not of diverse citizenship." *Id.* Though "unfair" and "unconscionable" are vague terms, there is no support in the text of the FDCPA for liability under the Act under based on the "failure to disclose" another law.

Plaintiff made a similar "failure to disclose" claim in *Large v. LVNV*, No. 09-cv-689, 2010 WL 3069409 (W.D.Mich., Aug. 2, 2010). In *Large*, Plaintiff alleged that a collection letter which gave the debtor the opportunity to pay off his existing debt with a pre-approved Visa card violated the FDCPA because it failed to disclose the amount of money that the bank would retain for its role in the credit card program as required by the Truth-in-Lending Act, ("TILA"), 15 U.S.C. §1601. The court noted that although there was no authority from the Sixth Circuit Court of Appeals, the Seventh Circuit's opinion *Beler v. Blatt, Hasenmiller, Leibsker & Moore, LLC,*

480 F.3d 470 (7th Cir.2007) was instructive as well as numerous district court opinions which declined to predicate a claim under the FDCPA on a TILA violation. *Large*, 2010 WL 3069409, *4 (collecting cases). The court concluded "the FDPCA is not properly used as an enforcement mechanism for the TILA." *Id.* at *5.

Although Plaintiff does not reference the TILA in her Complaint, her theory that a debt collector disclose the date of the transactions giving rise to the claimed debt is the type of disclosure requirement mandated by the TILA. For example, 15 U.S.C. §1637(b)(2) requires that a creditor of an open end consumer credit plan disclose:

> (2) The amount and date of each extension of credit during the period, and a brief identification, on or accompanying the statement of each extension of credit in a form prescribed by the Bureau sufficient to enable the obligor either to identify the transaction or to relate it to copies of sales vouchers or similar instruments previously furnished...

Congress chose not to extend to debt collectors a duty to disclose the dates of transactions giving rise to a debt. *See Neff v. Capital Acquisitions & Management Co.*, 352 F.3d 1118 (7th Cir. 2003)(stating "Neither Congress nor the Federal Reserve made the policy choice here to extend the duty to send monthly statements to purchasers of delinquent accounts, and it is not our role to read such a requirement into the statute."). Requiring disclosures about the dates of transactions giving rise to the debt or about the limitations applicable to such debt improperly conditions a federal claim under the FDCPA on an analysis of state limitations laws and creates disclosure requirements not mandated by the Act. *See U.S. v. Boucha*, 236 F.3d 768, 774 (6th Cir. 2001)("It is a well settled canon of statutory construction that when interpreting statutes, '[t]he language of the statute is the starting point for interpretation, and it should also be the ending point if the plain meaning of that language is clear.'").

None of the examples of prohibited conduct under Sections 1692e and 1692f hint or imply that federal courts should craft requirements under the FDCPA that debt collectors

7

undertake a legal analysis of the computation of applicable state statutes of limitation and application of state contract and choice of law rules to provide disclosures to consumers. The FDCPA does not provide a second, federal layer of protection directed at state court litigation and courts have rejected attempts to use the FDCPA to monitor state courts and state law by federal courts. *O'Rourke v. Palisades Acquisition XVI, LLC, et al.*, 635 F.3d 938 (7th Cir. 2011)(affirming summary judgment for *See* Defendant on claim that Defendant attached materially false exhibit to complaint designed to mislead the Cook County judge handling the case); *Wade v. Regional Credit Ass'n.*, 87 F.3d 1098, 1099 (9th Cir. 1996)(debt collection practices in violation of state law are not *per se* violations of FDCPA); *Olvera v. Blitt & Gaines*, 431 F.3d 285, 287 (7th Cir. 2005)(rejecting suggestion that the FDCPA creates a federal remedy against efforts to collect a charge that is authorized by the credit agreement but proscribed by state law, where the debt collector's communications are not otherwise false or misleading). For example, requiring a debt collector to definitively advise a consumer about the time-barred status of a debt would require the debt collector to determine (1) was there a written contract or not, (2) does the contract have a choice of law provision, (3) does the debt at issue implicate a statute of limitations for an oral contract or a written contract, (4) is there a state specific statute of limitations governing the debt (i.e. does the specific type of debt, such as a utility, have a specific limitations period), (5) is there a choice of law provision in the contract and does it impact the statute of limitations analysis, (6) what is the accrual date, (7) was there ever a payment that re-starts the accrual date, (8) is the proper law/limitations where the contract was formed, where the charges were incurred or where the debtor lives and (9) did the debtor incur the debt in one state and subsequently move and does this impact which state's law will apply, *see Avery v. First Resolution Management Corp.*, 568 F.3d 1018 (9th Cir. 2009)(discussing New Hampshire tolling

provision in determining whether lawsuit to collect debt was time-barred). Courts should decline "to make rules in common-law fashion" or to use the FDCPA to enforce other legal rules. *Beler v. Blatt, Hasenmiller, Leibsker & Moore, LLC,* 480 F.3d 470, 473 (7th Cir. 2007).

C. **Northland's settlement offer does not violate the FDCPA.**

In addition to allegedly failing to disclose that the statute of limitations had expired on the debt and failing to disclose the dates of the transactions giving rise to the debt, Plaintiff claims that "[t]he nondisclosure is exacerbated by the offer of a 'settlement' in Exhibit A." (Compl., ¶21). Yet an offer of settlement is permissible under the FDCPA. *See Stricklin v. First Nat. Collection Bureau, Inc.,* No. 3:10–cv–01027–JPG–SCW, 2012 WL 1076679 (S.D.Ill., Mar. 30, 2012)(noting that letter's "settlement offer" was not a threat of litigation and Defendant did not violate the FDCPA by sending a settlement offer to collect on a time-barred debt).

*Schaefer v. ARM Receivable Management, Inc.,* No. 09-11666, 2011 WL 2847768 (D.Mass. July 19, 2011) involved a Northland letter with very similar settlement offer language.[5] Northland sent a letter to Schaefer stating:

> Our client is willing to reduce your balance by offering you a settlement. We are not obligated to renew this offer. Upon receipt and clearance of $1,661.56 your account will be satisfied and closed and a settlement letter will be issued. (Am. Compl., Ex. A).[6]

Plaintiff alleged that Northland's letter violated Section 1692e(2) by failing to disclose that the debt was time-barred. Plaintiff further alleged that by seeking payment on the debt and offering to settle it, Northland sought to revive the time-barred debt which constituted an "unfair and unconscionable collection tactic" under Section 1692f and a "misrepresent[ation] of the legal

---

[5] Northland Group, Inc. was a named Defendant in *Schaefer.*

[6] In this case Northland's letter has almost identical language: The current creditor is willing to reduce your balance by offering you a settlement. We are not obligated to renew this offer. Upon receipt and clearance of $1,668.96 your account will be satisfied and closed and a settlement letter will be issued. (Compl., Ex. A).

9

status of the debt" under Section 1692e(2). *Id.* at *3. In rejecting Plaintiff's claims under Section 1692e(2) and 1692f, the court stated:

> The letters sent to Schaefer sought no more than voluntary partial repayment of a pre-existing debt. Provided that a debt collector does no more than this in regard to a time-barred debt (and does not threaten litigation if the debtor does not comply with the request), the debtor is not being mislead about the status of the debt. *Id.* at *4.

Plaintiff also claimed that Northland violated Section 1692e(10) and 1692(f) by failing to advise him of the tax consequences of accepting a settlement of the debt. *Id.* at *5. Plaintiff's "failure to disclose" theory is similar to the theory advanced in this case. In rejecting any violation of the FDCPA for alleged failure to disclose tax consequences the court stated:

> Northland and ARM had no affirmative duty to advise Schaefer of potential tax consequences if he accepted their settlement offers. The language of the FDCPA does not require a debt collector to make any affirmative disclosures of potential tax consequences when collecting a debt. *See Landes v. Cavalry Portfolio Servs., LLC,* —— F.Supp.2d ——, 2011 WL 1206157, at *2–3 (finding no FDCPA violation where collection letter mentioned "tax season savings" but did not indicate specific tax consequences of accepting a debt discount). Schaefer cites no authority that imposes such a requirement and requiring, as a matter of law, debt collectors to inform a debtor of such a potential collateral consequence of settling a pre-existing debt seems far afield from even the broad mandate of FDCPA to protect debtors from abusive debt collection practices. Accordingly, Schaefer has not stated a plausible claim under either § 1692f or § 1692e(10) due to Northland and ARM's failure to disclose potential tax consequences in their collection letters. *Id.* at *5.

### D. The FTC consent decree with Asset Acceptance has no relevance to Plaintiff's claim and is not entitled to deference.

Plaintiff cites an FTC consent decree with Asset Acceptance which allegedly provides that Asset is required to disclose to consumers when it is attempting to collect debts that are barred by the statute of limitations. (Compl., ¶19). Plaintiff's citation to this consent decree has nothing to do with Defendant and certainly does not establish that the letter in this case violates the FDCPA. It is the agreement of the parties, rather than the force of the law upon which the complaint was originally based, that creates the obligations embodied in a consent decree. *Local*

10

*No. 93, Intern. Ass'n of Firefighters, AFL–CIO C.L.C. v. City. of Cleveland*, 478 U.S. 501, 522, 106 S.Ct. 3063, 3075, 92 L.Ed.2d 405, 423 (1986). Whether or not the FTC and Asset Acceptance agreed to certain terms has no bearing on the Defendant in this case, nor does it establish that debt collectors must disclose the statute of limitations in collection letters. A court may not enter a consent decree that imposes obligations on a party that did not consent to the decree. *Firefighters Local 93 v. City of Cleveland*, 478 U.S. 501, 529, 106 S.Ct. 3063, 3079 (1986). Consequently, "parties who choose to resolve litigation through settlement may not dispose of the claims of a third party, and a fortiori may not impose duties or obligations on a third party, without that party's agreement." *U.S. v. City of Chicago*, 978 F.2d 325, 330 (1992)(citation omitted).

The FTC Complaint raised numerous allegations against Asset including violations under the FTC Act (Counts I and II), violations of the Fair Credit Reporting Act, 15 U.S.C. §1681, et. al., (Counts III-V), violations of Sections 1692b, 1692c, 1692e and 1692g(b) of the FDCPA (Counts VI-IX) and sought injunctive and equitable relief. *United States of America (for the Federal Trade Commission) v. Asset Acceptance, LLC*, Case No. 8:12-cv-182-T-27EAJ (M.D.Fla.)(Docket No. 1). The consent decree is clear that the parties agreed to settlement, "without adjudication of any issue of fact or law, to settle and resolve all matters in dispute arising from the Complaint to the date of entry of the Decree and without Defendant admitting any of the matters alleged in the Complaint other than jurisdictional facts…" *United States of America (for the Federal Trade Commission) v. Asset Acceptance, LLC*, Case No. 8:12-cv-182-T-27EAJ (M.D.Fla.)(Docket No. 5). The consent decree was a compromise of numerous disputed claims and does not support Plaintiff's claim that a debt collector violates the FDCPA by attempting to collect time-barred debt without disclosing that the debt is time-barred.

Furthermore, Plaintiff will agree that the FTC has never been vested with rule-making authority under the FDCPA. *See* 15 U.S.C. §1692l ("Neither the Commission nor any other agency referred to in subsection (b) of this section may promulgate trade regulation rules or other regulations with respect to the collection of debts by debt collectors as defined in this subchapter."), *amended by* Pub.L. 111-203, § 1089(4)(which now provides that the Bureau of Consumer Financial Protection may prescribe rules with respect to the collection of debts by debt collectors). As the Supreme Court has made clear, lack of rule-making authority is a good indicator that *Chevron* deference is not warranted:

> We have recognized a very good indicator of delegation meriting *Chevron* treatment in express congressional authorizations to engage in the process of rulemaking or adjudication that produces regulations or rulings for which deference is claimed. *See, e.g., EEOC v. Arabian American Oil Co.*, 499 U.S. 244, 257, 111 S.Ct. 1227, 113 L.Ed.2d 274 (1991) (no *Chevron* deference to agency guideline where congressional delegation did not include the power to " 'promulgate rules or regulations' " (quoting *General Elec. Co. v. Gilbert*, 429 U.S. 125, 141, 97 S.Ct. 401, 50 L.Ed.2d 343 1976)); *see also Christensen v. Harris County*, 529 U.S. 576, 596-597, 120 S.Ct. 1655, 146 L.Ed.2d 621 (2000) (BREYER, J., dissenting) (where it is in doubt that Congress actually intended to delegate particular interpretive authority to an agency, *Chevron* is "inapplicable"). *U.S. v. Mead Corp.*, 533 U.S. 218, 121 S.Ct. 2164 (2001).[7]

Plaintiff will likely attempt to rely upon "public workshops" and a 2010 FTC report to support Plaintiff's attempt to rewrite the FDCPA. None of these are synonymous with the notice and opportunity to comment contemplated by the Administrative Procedures Act. *See Dismas Charities, Inc. v. U.S. Dept. of Justice*, 401 F.3d 666, 678 (6th Cir. 2005)("[o]ne of the central purposes of the requirement of notice and comment is to give those with interests affected by rules the chance to participate in the promulgation of the rules.").

---

[7] *See McMahon v. LVNV Funding, LLC*, No. 12 C 1410, 2012 WL 2597933 (N.D.Ill. July 5, 2012)(rejecting Plaintiff's argument that *Chevron* deference should be applied to the FTC Asset Acceptance consent decree where the FTC lawsuit was not a formal adjudication, the consent decree provides it was decided "without adjudication of any issue of fact of law" and Plaintiff cited no authority granting *Chevron* deference to a consent decree with an unrelated party.

This court should afford little deference to the FTC consent decree with Asset Acceptance and should follow the vast weight of authority finding that merely sending a letter seeking collection of a time-barred debt does not violate the FDCPA.

WHEREFORE, Defendant NORTHLAND GROUP, INC., respectfully requests that this Court enter judgment in its favor and against Plaintiff on Plaintiff's Complaint.

Respectfully submitted,

/s/ *Jennifer W. Weller*
David M. Schultz
Jennifer W. Weller
Hinshaw & Culbertson LLP
222 N. LaSalle, Suite 300
Chicago, IL 60601
Telephone: 312-704-3000
Facsimile: 312-704-3001

13